```
C/M
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABIGAIL RODNEY and o/b/o ANNALIESE AUSTIN,<br><br>         Plaintiffs,<br><br>   -against-<br><br>YALE REALTY LLC,<br><br>         Defendant. | **MEMORANDUM<br>DECISION AND ORDER**<br><br>17 Civ. 3921 (BMC) |

**COGAN**, District Judge.

  Plaintiff Abigail Rodney, appearing *pro se*, filed this action alleging housing discrimination based on her race and her daughter's disability against defendant Yale Realty LLC. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Order. The claims alleged on behalf of plaintiff's daughter Annaliese Austin are dismissed without prejudice as set forth below.

**BACKGROUND**

  The following is taken from plaintiff's complaint and is assumed to be true for the purpose of this Order. Plaintiff alleges that on September 22, 2016, she sublet an apartment at 2440 East 29th Street, Brooklyn, New York from the primary tenant John Middleton. Plaintiff alleges that she notified defendant Yale Realty LLC and that defendant agreed to let her sublet the apartment. At some point, the primary tenant was arrested for assaulting plaintiff and did not return to the apartment.

  Plaintiff alleges that once defendant learned that she was African American, defendant failed to make repairs in the apartment, accept her rent payments, issue her a renewal lease, and has commenced eviction proceedings. Plaintiff also alleges that her daughter is severely disabled

and that defendant learned of her daughter's disability when a social worker contacted defendant regarding repairs needed in the apartment. Plaintiff seeks damages and injunctive relief.

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints are "to be liberally construed," Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). Furthermore, pursuant to the *in forma pauperis* statute, the Court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Although federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. §1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves." Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). Generally, non-lawyer parents do not have the right to represent their children in federal court.

Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a lay person may not represent a corporation or a partnership or appear on behalf of his or her own child.").

To the extent plaintiff Abigail Rodney brings this action on behalf of her child, Annaliese Austin, she cannot do so. Therefore, any claims related to Annaliese Austin are dismissed without prejudice. If plaintiff would like to bring claims for her daughter, plaintiff must obtain counsel to represent her daughter.

However, plaintiff has a right to proceed *pro se* as to her own claims, and the Court liberally construes her claims to arise under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq*. The FHA forbids discrimination in housing on the basis of race, color, religion, sex, familial status, national origin, and disability status. See 42 U.S.C. § 3604. Further, the provisions of the FHA apply to private landlords. Rappo v. 94-11 59th Ave Corp., No. 11-CV-4371, 2011 WL 5873025, at *2 (E.D.N.Y. Nov. 21, 2011).

## CONCLUSION

Accordingly, the claims as to Annaliese Austin are dismissed without prejudice with leave to re-file should plaintiff obtain counsel to represent her daughter. However, the complaint shall proceed as to plaintiff Abigail Rodney. The Clerk of Court is directed to issue a summons and the United States Marshal Service is directed to serve the summons, the complaint, and this Order on the defendant without prepayment of fees. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                         U.S.D.J.

Dated:    Brooklyn, New York
            July 5, 2017