```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
                                                                  :
ABIGAIL RODNEY, on behalf of Annaliese                            :    **MEMORANDUM**
Austin,                                                           :    **DECISION AND ORDER**
                                                                  :
                                  Plaintiff,                      :    17-cv-3921 (BMC)(LB)
                                                                  :
                - against -                                       :
                                                                  :
YALE REALTY LLC,                                                  :
                                  Defendant.                      :
----------------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff *pro se* commenced this action on behalf of herself and her disabled daughter seeking to compel the owner of the building in which they reside to continue to let them reside in the apartment, plus "legal fees/relocation money to find a new apartment in the amount of $15,000," plus damages of $3500 for the treatment of mold and painting. Plaintiff and her daughter are not the tenants on the lease; the tenancy was held by a friend of plaintiff's who was arrested and apparently remains in custody for assaulting plaintiff. The landlord has not accepted plaintiff's offer to succeed to the lease in lieu of the tenant. Plaintiff claims that the landlord is discriminating against her and her daughter because they are black and her daughter is disabled in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq*.

By Memorandum Decision and Order dated July 5, 2017, I dismissed the daughter's claim because the mother, as a non-attorney, is not authorized to represent her daughter under 28 U.S.C. § 1654, but allowed plaintiff's claims to proceed.

An attorney retained by the daughter has filed a motion for the Court to enter an "Emergency Order to Show Cause" restoring the daughter's claims on the ground that she is now

represented by an attorney, and staying a pending eviction proceeding in state Housing Court and any execution of a warrant of eviction pending a hearing of the motion. The motion recites that plaintiff and her mother have made several attempts to stay their eviction but the state court has rejected them, and they are scheduled to be evicted on September 13, 2017, even though plaintiff's mother has entered into a new lease for a different apartment (apparently in a different building), of which she will take occupancy on either October 1, 2017 or October 5, 2017.

The motion is denied. This Court is not an appellate court with oversight of the state courts. Numerous federal doctrines preclude the exercise of this Court's jurisdiction to interfere with the state court proceedings.

First, to the extent that Plaintiff seeks to challenge the orders that the state housing court has already issued, the Court lacks subject matter jurisdiction to address that challenge. "Under the *Rooker–Feldman* doctrine [,] ... a United States District Court has no authority to review final judgment of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus." Trang v. Concris Realty Co., No. 05 Civ. 5441, 2005 WL 1398004, at *2 (E.D.N.Y. June 14, 2005) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).

Second, plaintiff's request to enjoin and stay the state court proceedings is prohibited under the Anti-Injunction Act. "This Act presents an absolute ban on enjoining any state court proceeding, unless the facts of the case bring the matter within one of the three narrowly construed exceptions." Sinisgallo v. Town of Islip Hous. Auth., 865 F. Supp. 2d 307, 317 (E.D.N.Y. 2012). None of the exceptions to the Act apply here. The only one colorably applicable is to prevent a state court from interfering with this Court's jurisdiction. However,

her Fair Housing Act claims could be litigated in state court, even if not within the summary landlord-tenant proceeding. "Although the housing court may sever complicated discrimination defenses or counterclaims, the severed claims still would be litigated in state court; the possibility of severance therefore has no effect on the Anti–Injunction Act analysis." Sierra v. City of New York, 528 F.Supp.2d 465, 469 n.1 (S.D.N.Y. 2008) (quoting Mitchum v. Foster, 407 U.S. 225, 239 (1972)). See also Armstrong v. Real Estate Int'l, No. 05 Civ. 5383, 2006 WL 354983, at *4 (E.D.N.Y. Feb.14, 2006) ("Even if, as [p]laintiff claims, the state court would sever the eviction proceeding from ... any counterclaims, this result does not preclude her from litigating these claims in state court. Her ability to do so, regardless of which state court would have the jurisdiction to hear her claims, undermines any argument that the 'necessary in aid of jurisdiction' exception to the Anti–Injunction Act would apply."). Moreover, plaintiff's eviction would in no way impair this Court's authority to resolve her remaining claims here, and, if warranted, to award damages. Kristopher v. Stone St. Properties, LLC, No. 13 CIV. 566, 2013 WL 499752, at *4 (S.D.N.Y. Jan. 29, 2013).

Finally, even if the Court had the power to grant plaintiff's daughter the requested relief, she has made no showing to support it. No evidence has been submitted from the motion, and all I know from the complaint is that plaintiff and her daughter are African-American, plaintiff's daughter is disabled, and the landlord has not given them a lease, which they do not want now anyway because they have a new apartment less than three weeks from now. There is no evidence of discrimination other than the membership of plaintiff and her daughter in a protected class. There are thus no substantial questions going to the merits nor does the 17 day gap between their leases constitute irreparable harm.

To the extent plaintiff's daughter seeks a stay of the state court proceedings, the motion is denied. If plaintiff's daughter wishes to continue the prosecution of this action, her counsel is granted leave to file an amended complaint within 14 days.

**SO ORDERED.**

                                                                    _____
                                                                                 U.S.D.J.

Dated: Brooklyn, New York
        September 12, 2017